EX PARTE QUIÑONES, PETITIONER.

Admission to Practice as Notary.—Motion for Reconsideration.

No. 442.—Decided June 19, 1923.

ATTORNEYS—NOTARIES—ADMISSION TO PRACTICE.—Although an attorney may have been qualified to practice as a notary prior to the enactment of Act No. 15 of 1914, if he was not admitted by the Supreme Court to practice as an attorney until 1915 he can not be authorized to practice as a notary until he has practiced as an attorney for two years following the date of his admission to practice as prescribed by the said Act of 1914.

The facts are stated in the opinion.

*Mr. F. Soto Gras* for the petitioner.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On May 29, 1923, José N. Quiñones, an attorney admitted to practice in the insular courts on April 27, 1915, petitioned to be admitted to practice as a notary. He alleged in his petition that he had been holding judicial offices from December 21, 1915, to January 3, 1923. This being so, considering the law governing the matter, which requires two years' practice as an attorney, and the decision in the case of *Pereyó v. López et al.*, 22 P. R. R. 725, the petition was denied.

The petitioner has presented a motion for reconsideration of the order of this court on the ground that although he was admitted to practice by the Supreme Court in 1915, the fact is that he was qualified for admission before the enactment of the Act of 1914 requiring two years' practice.

Such reasoning is untenable. The Act reads: "That from the date of the approval of this Act, the notarial profession shall be practiced in Porto Rico only by those who, having already been admitted to practice as attorneys or notaries, have the right to engage in such notarial profession; by those who may hereafter be admitted by the Supreme Court to practice as attorneys, after they have prac-

ticed the said profession for a period of two years before the courts of this Island; * * *." As may be seen without effort, according to the language of the Act in both cases the starting point is admission and not the qualification for admission.

Therefore, the motion for reconsideration must be

*Denied.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.